**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Rodney N Smith,

Plaintiff,

v.

Cemex Incorporated,

Defendant.

No. CV-26-05887-PHX-KML

**ORDER**

Plaintiff Rodney N. Smith filed a complaint and paid the filing fee. (Docs. 1, 2.) Smith used the form complaint for employment discrimination, and he alleges his former employer, defendant Cemex Incorporated, discriminated against him. Smith checked boxes on the form indicating he is attempting to bring claims under Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Family and Medical Leave Act. (Doc. 1 at 3.) According to Smith, "the alleged discriminatory acts occurred on . . . 6/2023." (Doc. 1 at 4.) The discriminatory conduct consisted of termination of his employment, failure to promote him, failure to accommodate his disability, unequal terms and conditions of his employment, and retaliation. (Doc. 1 at 4.) Smith identifies the basis for this discrimination as his race, color, religion, national origin, age, and disability, but did not even fill in the blank spaces to provide one-word facts describing those protected characteristics. (Doc. 1 at 4.) The only factual allegation is that Cemex fired him "while on FMLA." (Doc. 1 at 3.)

To pursue a case in federal court, the complaint must "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. And "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026).

Because Smith paid the filing fee, the court cannot dismiss the complaint for failure to state a claim without first giving him notice of possible flaws and "an opportunity to at least submit a written memorandum in opposition to" dismissal of the complaint. *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1060 (9th Cir. 2023) (simplified). Smith must file such a memorandum addressing the following.

Smith's complaint identifies his former employer as the only defendant and alleges Smith was fired while on FMLA leave. The complaint does not provide any additional facts, but he purports to bring claims under the FMLA as well as a variety of other federal statutes that prohibit discrimination based on race, color, religion, national origin, age, and disability. To pursue an FMLA claim or a discriminatory treatment claim, a plaintiff usually needs factual allegations establishing basic facts missing from Smith's current complaint. For example, if a plaintiff believes he was discriminated against based on a protected characteristic, he should allege facts identifying that characteristic, the adverse employment action he suffered, and why he believes that adverse action was because of the protected characteristic. *Chuang v. Univ. of California Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000). Alternatively, if a plaintiff believes his employer interfered with his rights under the FMLA, he should allege facts showing "(1) he was eligible for

the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (simplified). Smith's complaint does not contain anything close to the minimum level of factual allegations necessary for a plaintiff hoping to pursue claim against his employer.

Smith must file a statement addressing why his current complaint states a claim for relief. Instead of filing a statement, Smith may file an amended complaint providing additional facts explaining his claims. Failure to file a statement or an amended complaint will result in the dismissal of this case.

**IT IS ORDERED** no later than **September 8, 2026**, plaintiff shall file either a statement explaining why his current complaint states claims for relief or an amended complaint that contains factual allegations identifying the basis for his claims.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter a judgment of dismissal without prejudice if plaintiff does not file a statement or an amended complaint by **September 8, 2026**.

Dated this 24th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**