**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rodney N Smith,<br>Plaintiff,<br>v.<br>Cemex Incorporated, et al.,<br>Defendants. | No. CV-26-05887-PHX-KML<br>**ORDER** |

On August 24, 2026, the court ordered plaintiff Rodney N. Smith to file either an amended complaint or a statement addressing whether his original complaint stated any claim for relief. (Doc. 4.) That order informed Smith that a complaint must contain factual allegations that allow the court and defendants to determine why Smith filed his case. (Doc. 4 at 2-3.) On September 4, 2026, Smith filed an amended complaint. (Doc. 7.) The amended complaint identifies four individuals as defendants and, like his original complaint, Smith checked various boxes allegedly identifying the claims he wishes to pursue. (Doc. 7 at 4.) But once again, the amended complaint again lacks any meaningful facts explaining the basis for this suit. In the section of the amended complaint where Smith should have provided factual allegations, he states only "I do have it whenever you need it." (Doc. 7 at 4.) Smith must include factual allegations in his complaint if he wishes to pursue this suit.

In general, when a plaintiff pays the filing fee the court cannot dismiss the complaint until the plaintiff is given "an opportunity to at least submit a written memorandum in opposition to" dismissal. *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1060 (9th Cir.

2023) (simplified). The court gave Smith that opportunity and Smith filed an amended complaint that did not cure any of the flaws the court identified in his original complaint. Having not fixed any of the flaws previously identified, no additional warning is needed, and the amended complaint is dismissed. The court will give Smith one last chance to comply with its orders and federal pleading standards. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (leave to amend may be denied when "plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities"). If Smith chooses to file a second amended complaint, he must include factual allegations setting forth what happened, when, what each defendant did, and why Smith believes those events support his various theories for relief. Based on the dismissal of Smith's amended complaint, his request for electronic filing is denied as moot. That request may be revisited if Smith files a sufficient complaint.

**IT IS ORDERED** the Amended Complaint (Doc. 7) is **DISMISSED**.

**IT IS FURTHER ORDERED** no later than **September 22, 2026**, Smith shall file a second amended complaint that contains factual allegations explaining the basis for his claims. The Clerk of Court shall enter a judgment of dismissal with prejudice in the event no second amended complaint is filed by that date.

**IT IS FURTHER ORDERED** the Motion to Allow Electronic Filing (Doc. 6) is **DENIED WITHOUT PREJUDICE**.

Dated this 8th day of September, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**